**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT RICKES, an individual, on behalf of himself, all others similarly situated, and all other aggrieved employees,

        Plaintiff - Appellee,

  v.

THERMO FISHER SCIENTIFIC, INC., a Delaware corporation,

        Defendant - Appellant,

and

DOES, 1-20,

        Defendant.

No. 25-5138

D.C. No.
3:25-cv-00690-GPC-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, Senior District Judge, Presiding

Argued and Submitted June 22, 2026
Pasadena, California

Before: Kim McLane Wardlaw, John B. Owens, and Ana de Alba, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Scott Rickes brought this employment action against Thermo Fisher Scientific, Inc. alleging age discrimination and related claims under California law. Thermo Fisher moved to compel arbitration pursuant to its Mutual Dispute Resolution Agreement ("MDRA"), which the company distributed to employees by email in 2019. The district court concluded that Thermo Fisher failed to establish the existence of an agreement to arbitrate and denied the motion. We have jurisdiction under 9 U.S.C. § 16, and we affirm.

We review de novo a district court's denial of a motion to compel arbitration. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1091 (9th Cir. 2014). Because the material facts are undisputed, whether the parties formed an agreement to arbitrate is likewise reviewed de novo. *Id.* The party seeking to compel arbitration bears the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). Whether an arbitration agreement was formed is determined by applying ordinary state-law principles of contract formation. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Here, the parties agree that California law governs.

The district court correctly denied Thermo Fisher's motion to compel arbitration because Thermo Fisher failed to establish that Rickes assented to the MDRA. Under California law, contract formation requires both notice of the

proposed agreement and mutual assent.  *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 512–13 (9th Cir. 2023).  Mutual assent is determined objectively from the parties' outward manifestations and, in appropriate circumstances, may be inferred from conduct.  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006).  However, as we explained in *Norcia v. Samsung Telecomms. America, LLC*, "California courts have . . . made clear that silence alone does not constitute assent."  845 F.3d 1279, 1290 (9th Cir. 2017).

The undisputed evidence demonstrates that Rickes did not assent to the MDRA.  Thermo Fisher established that it sent Rickes four emails regarding the MDRA to his work email address.  However, its electronic records do not show that Rickes viewed the emails, clicked the hyperlink to the agreement, or otherwise interacted with the arbitration materials.  Rickes, for his part, submitted a declaration stating that he received a high volume of work emails, did not recall receiving any communication regarding the MDRA, and had never seen the agreement before this litigation.

Thermo Fisher nevertheless contends that Rickes accepted the MDRA by merely continuing his employment after failing to opt out within forty-five days.  Under California law, that is not enough to establish mutual assent.  *See Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 461 (2021) (explaining that assent in electronic transactions is ordinarily inferred through affirmative conduct such as

"clicking buttons," "checking boxes," or otherwise interacting with the contractual terms).

Thermo Fisher's authorities do not demand a different result. Each involved objective evidence of assent that is absent here, whether through a signed acknowledgment, undisputed receipt and review of the agreement, or prior acceptance of arbitration as a condition of employment. *See, e.g.*, *Cir. City Stores, Inc. v. Najd*, 294 F.3d 1104, 1109 (9th Cir. 2002) (employee signed a written acknowledgment confirming receipt of the arbitration agreement); *see also Cir. City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002) (same); *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 708 (7th Cir. 2019) (employee "signed an employment agreement containing an arbitration clause" and authorizing future modifications to the employer's dispute resolution program); *Davis*, 755 F.3d at 1093 (employee accepted employment subject to an employee handbook expressly providing that arbitration was a condition of employment).

**AFFIRMED.**